IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHARLIE LEONARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:10-CV-60-CDL-MSH |
| | * | 42 U.S.C. § 1983 |
| CITY OF COLUMBUS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff, Charlie Leonard, presently an inmate at the Muscogee County Detention Center in Columbus, Georgia, has filed the above styled Section 1983 action against multiple defendants. Upon a preliminary review, it is recommended that several defendants be dismissed. Additionally, the majority of Plaintiff's causes of action should be dismissed as discussed below.

## PLAINTIFF'S COMPLAINT

Plaintiff executed his action pursuant to 42 U.S.C. § 1983 on June 20, 2010, against approximately forty-three defendants. The defendants, as listed by the Plaintiff in his Complaint or Amended Complaint, are as follows: City of Columbus, Columbus Consolidated City/County Government ("the County"), City of Columbus Police Department, Chief R. Boren, Sergeant D. Josey, Mayor J. Wetherington, Captain Turner, Lieutenant J. Dunford, Sergeant L. Parker, Sergeant S. Pratt, Agent D. Ellmer, Judge D. Pullen, Judge F. Jordan, Jr., Mark P. Jones, Ben S. Richardson, M. Linda Pierce, Muscogee County Detention Center, Sheriff J. Darr, Warden D. Collins, Muscogee County Sheriff's

Office, Prison Healthcare Services, Inc., P. Morris, Dr. L. Jacobs, Dr. Basset, Deputy Yewn, Lieutenant W. Drury, Sergeant Drury, Captain L. E. Mitchell, the State Bar of Georgia, Carmen R. Rafter, W. P. Smith, III, J. Mark Shelnutt, William J. Kendrick, Jr., District Attorney Julia Slater, Frederick Jackson, Robert Watkins, Moffet Flournoy, Bently Adams, the Georgia Judicial Qualifications Commission, Cheryl F. Custer, Officer M. Cole, Arlene Ledesma, Officer Torres. Plaintiff's claims are asserted against these individuals in their official and individual capacities.

Plaintiff contends that these defendants have: (1) violated his due process rights; (2) shown deliberate indifference to his serious medical needs; (3) subjected him to cruel and unusual punishment; (4) conspired to violate his constitutional rights; (5) failed to provide him with an adequate law library; (6) falsely imprisoned him; (7) provided him with ineffective assistance of counsel; (8) inadequately staffed the medical department. Within some of these categories of claims, Plaintiff has asserted multiple causes of action. The Court addresses each claim in turn below.

## STANDARD UPON PRELIMINARY REVIEW

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

. . . is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

**DISCUSSION**

**I.     Individual Defendants**

    **A.     Non State Actors**

Initially, this Court notes that some individual defendants should be dismissed because they are not state actors. A successful § 1983 action requires that the Plaintiff show he was deprived of a federal right **by a person acting under color of state law**. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers,* 436 U.S. at 155-56) (emphasis added). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir.1995) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988)). The following persons are private attorneys and, as such, are not state actors capable of being sued under § 1983: Mark Shelnutt, William J. Kendrick, Jr., Julia Slater,[1] and Frederick Jackson.

Additionally, Plaintiff sues several public defenders for actions arising out of the representation of Plaintiff in the underlying criminal case. The United States Supreme Court has long held that a public defender does not act under color of state law within the meaning of § 1983 when he performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 325 (1982); *see also Briscoe v. LaHue,* 460 U.S. 325, 330 n.6 (1983); *Burns v. Jorandby*, No. 08-12346, 2009 WL 2599399, at *1 (11th Cir. Aug. 25, 2009) (per curiam) (unpublished opinion). Plaintiff's Complaint

---

[1] Although Julia Slater is now the District Attorney in Columbus, Georgia, Plaintiff is suing her for actions taken in her capacity as a private attorney prior to her election as District Attorney. (*See* Compl., Doc. 5 at 7.)

alleges that Defendants Robert Watkins, Moffet Flournoy, and Bently Adams, to the extent that it is specifically alleged that they took any action, were performing traditional lawyer's functions in the representation of Plaintiff. (*See* Am. Compl., Doc. 7 at 1-3.) Accordingly, Defendants Watkins, Flournoy, and Adams did not act under color of state law while they were representing Plaintiff, and Plaintiff cannot prove an essential element of his § 1983 claim. These defendants are therefore not amenable to suit under § 1983. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (per curiam).[2]

### B. Entities Incapable of Suit

As stated previously, a successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d at 1130 (11th Cir. 1992). In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-15. Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the

---

[2] Plaintiff also alleges that the above mentioned private actors conspired to violate his constitutional rights. A private attorney may be sued under § 1983, if he conspired to injure the plaintiff with someone who did act under color of state law. *See, e.g., Wahl*, 773 F.2d at 1173. Plaintiff's conspiracy count is addressed in more detail *infra*.

law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988) (citing *Cravey v. Se. Underwriters Ass'n*, 214 Ga. 450, 453, 105 S.E. 2d 497 (1958)). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Comm'rs of Rds. & Revenue of Glynn County,* 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Bd. of Rd. & Revenue Comm'rs of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956). Neither the Muscogee County Sheriff's Office nor the Columbus Police Department are legal entities subject to suit and should be dismissed. *See Robinson v. Hogansville Police Dep't*, 159 F. App'x 137, 138 (11th Cir. 2005) ("We have recognized that sheriff's departments and police departments are not usually considered legal entities subject to suit."

Furthermore, to the extent that any of the named entities are capable of being sued, a governmental entity or municipality may only be deemed a "person" for purposes of § 1983 liability if the Plaintiff shows that an "official policy" of the entity causes a constitutional violation. *See Grech v. Clayton County, Georgia*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Thus, the Plaintiff must at least allege "either (1) an officially promulgated [entity] policy or (2) an unofficial custom or practice of the [entity] shown through the repeated acts of a final policymaker for the [entity]." *Id.; Monell,* 436 U.S. at 690-91; *Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir.1999). A review of the pleadings reveals that Plaintiff has failed to allege that an official

policy or practice of "the City of Columbus" or Muscogee County violates his constitutional rights. Plaintiff has therefore failed to state a claim against these defendants and they are dismissed.

Plaintiff has also sued several police officers in their official capacities. "Official capacity claims are tantamount to a suit against the governmental entity involved[.]" *Jones v. Cannon*, 174 F.3d 1271, 1293 n.15 (1999). The claims against the police officers in their official capacities are redundant of the claims against Columbus, Georgia[3] and should be dismissed. Similarly, Plaintiff sues Sheriff John Darr in his official capacity and several sheriff's deputies in their official capacities. These claims are redundant and should be dismissed except as to Sheriff Darr in his official capacity. Plaintiff has alleged that Sheriff Darr has failed to properly train his deputies and other subordinates. (Compl., Doc. 5 at 10.) This allegation is sufficient to survive a preliminary review. Plaintiff also sues, in their official capacities, employees of the State of Georgia Bar Association and the Georgia Judicial Qualifications Commission. These claims are repetitive of the claims against the State Bar and the Judicial Qualifications Commission, and should be dismissed.

Plaintiff likewise sues Judge Pullen, Judge Jordan, and Mark Jones, in their official capacities. A suit against a state official in his or her official capacity is no different from

---

[3] Plaintiff has misnamed Columbus, Georgia as "City of Columbus" and "Columbus Consolidated City/County Government" ("Muscogee County"). Since the Court recommends dismissal of the City of Columbus and Muscogee County as Plaintiff has failed to allege any official policy or practice by Columbus or one of its officials in his official capacity, the Court assumes for the limited purpose of this recommendation that Plaintiff intended to correctly name Columbus, Georgia.

7

a suit against the state, which fails because of sovereign immunity. *See Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (noting that Alabama state court judge was immune from damages in his official capacity). The U.S. Supreme Court has held for this reason that state officials, acting in their official capacities, are not "persons" subject to suits for damages under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against these defendants in their official capacities are consequently dismissed.

Finally, the Muscogee County Detention Center, a building, is not a natural person, artificial person, or quasi artificial person subject to suit under § 1983. As such, the Muscogee County Detention Center is not a proper defendant in this action. *See, e.g., Pilgrim v. Hally County Det. Ctr.*, No. 2:08-cv-048-RWS, 2008 WL 879435 at *1 (N.D. Ga. Mar. 28, 2008).

### C.     **Defendants against which no specific allegations are made**

Plaintiff has failed to make any specific allegations against Defendants Wetherington, Rafter, Smith, Custer, Cole, or Ledesma. Each of these defendants is mentioned in Plaintiff's conspiracy or amended conspiracy claim, but Plaintiff has failed to allege that any of these defendants took any action to violate or conspired with anyone to violate Plaintiff's constitutional rights. Plaintiff has also failed to allege that the State Bar of Georgia or the Georgia Judicial Qualifications Committee violated his constitutional rights or took any action to violate those rights. Plaintiff's Complaint therefore fails to state a claim for a § 1983 violation as concerning these defendants. *See Douglas v. Yates*, 535 F.3d 1316, 1322

8

(11th Cir. 2008) (finding dismissal appropriate where plaintiff's pleadings failed to link specific defendants with any alleged wrong).

## II. Specific Claims

### A. Due Process Claims

#### 1. January 20, 2008 Arrest (Count 1)

Plaintiff asserts four claims for a violation of his due process rights. First, Plaintiff contends that his right to due process was violated on January 20, 2008 during his arrest by Defendant Josey. This claim was filed on June 14, 2010, after the two-year statute of limitations had expired, and is therefore dismissed.

A statute of limitations begins to run when a cause of action accrues. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Eleventh Circuit explained that:

> Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983. Georgia's statute of limitations for personal injury actions, and, thus, the statute of limitations for a § 1983 claim arising out of events occurring in that state, is two years.

*Taylor v. Nix,* 240 F. App'x 830, 835 (11th Cir. 2007).

Plaintiff Leonard alleges that his constitutional rights were violated when Defendant Josey took Plaintiff's personal property and failed to return it on January 30, 2008. (Compl.,

9

Doc. 5-4 at 3.) Thus, the two year period for the statute of limitations for this claim began to run on January 30, 2008. Plaintiff filed his complaint on June 14, 2010, over two years and five months after the statute of limitations expired. Plaintiff's claim is therefore barred by the applicable statute of limitations. The liberal construction that is granted *pro se* litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

        2.        September 22, 2009 Arrest (Count 2)

Second, Plaintiff claims that his due process rights were violated when he was arrested on September 22, 2009, but was not taken before a judge until February 8, 2010. Construing Plaintiff's allegations liberally, Plaintiff has sufficiently alleged a constitutional violation for this cause of action to withstand preliminary review.

Plaintiff maintains this cause of action against Defendants Mark Shelnutt, William Kendrick, City of Columbus, Muscogee County, Columbus Police Department, Chief R. Boren, Muscogee County Detention Center, Sheriff Darr, Muscogee County Sheriff's Office, Judge Pullen, Judge Jordan, Mark Jones, Ben Richardson, M. Linda Pierce, and Sergeant Drury in their official and individual capacities. Conforming this list of defendants to the dismissal discussion above, the remaining defendants for this claim are: Chief R. Boren, in his individual capacity, Sheriff Darr in his official and individual capacity, Judge Pullen, in his individual capacity, Judge Jordan, in his individual capacity, Mark Jones, in his individual capacity, Ben Richardson, in his official and individual capacities, M. Linda

10

Pierce, in her official and individual capacities, and Sergeant Drury in her individual capacity.

### 3. No access to bail hearings (Count 3)

Third, Plaintiff claims that his due process rights were violated by the failure of Defendants R. Boren, Columbus, Muscogee County, and Sheriff Darr to bring Plaintiff before a judge within seventy-two hours of arrest, and to allow him to "post bail" on his charges. (Compl., Doc. 5-4 at 5.) To the extent that this claim is repetitive of Count 2, it is dismissed. Additionally, Plaintiff asserts this claim against Defendants City of Columbus, Muscogee County, and Chief R. Boren in his official capacity without alleging an official policy or procedure perpetrated by the relevant governmental entities. As discussed *supra*, a governmental entity is not considered a "person" within the meaning of 42 U.S.C. § 1983 unless the Plaintiff shows that an official policy of the entity causes a constitutional violation. *Grech*, 335 F.3d at 1329. Since Plaintiff has failed to even allege in this claim that these governmental entities have perpetuated a policy which has caused a constitutional violation, this claim should be dismissed as against these defendants.

Finally, Plaintiff asserts this claim against Sheriff John Darr in his official and individual capacities. Construing Plaintiff's *pro se* complaint liberally, Plaintiff is asserting a claim against Defendant Darr claiming that Defendant Darr prohibited Plaintiff from posting bail, that Sheriff Darr perpetuated a policy of refusing to accept bail, and that such actions violated Plaintiff's due process rights. At the preliminary review stage, this allegation is sufficient to survive dismissal.

4. Excessive Detention (Count 4)

Finally, Plaintiff alleges that the City of Columbus, Chief Ricky Boren, in his official capacity, Muscogee County, Sheriff Darr, in his official capacity, and Dane Collins in his official capacity violated his due process rights by "excessive detention" of him as a pretrial detainee. (Compl., Doc. 5-4 at 5.) This count fails to state a claim under § 1983 because Plaintiff has not asserted a violation of a constitutional right. It should therefore be dismissed. Furthermore, to the extent that Plaintiff is attempting to reassert a claim against these parties for failure to allow him to post bail, that claim is repetitive of Counts 2 and 3 and should likewise be dismissed.

B. <u>Medical Treatment Claims</u>

1. Deliberate indifference to a serious medical need (Count 5)

In his fifth count, Plaintiff claims that Prison Healthcare Services, Inc., Paul Morris, Dr. Lloydstone Jacobs, and Dr. Basset (collectively "Healthcare Defendants") were deliberately indifferent to his serious medical needs. Specifically, Plaintiff claims that these defendants failed to properly diagnose and treat his ear infection which resulted in severe pain. (Compl., Doc 5-4 at 5-6.) At the preliminary review stage, this allegation is sufficient.

2. Intentional Infliction of Emotional Distress (Count 6)

Plaintiff also claims that the Healthcare Defendants failed to allow him to be treated by an external physician and were "hostile" to Plaintiff resulting in the intentional infliction of emotional distress. To the extent that Plaintiff is attempting to assert a federal claim under § 1983 for the intentional infliction of emotional distress, such a claim does not exist and is

12

dismissed. Construing the Complaint liberally, however, Plaintiff has asserted a state claim for intentional infliction of emotional distress against the Heathcare Defendants, and this claim survives the preliminary review.

    C.    <u>Cruel and Unusual Punishment</u> (Count 7, 8, 9)

Plaintiff claims that the Muscogee County Detention Center, Warden D. Collins, Sheriff John Darr, Captain Mitchell, Lieutenant Drury, Office Yewn, and Officer Torres have subjected him to cruel and unusual punishment by forcing Plaintiff to wear the same uniform, without access to underwear, for several days (Count 7), by making Plaintiff obtain water from a sink in a bathroom and not from a water fountain (Count 8), and by keeping the air conditioner up too high such that Plaintiff is cold (Count 9). Counts 7-9 are dismissed because Plaintiff has failed to state a claim upon which relief may be granted because these counts fail to allege a constitutional violation. *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted).

    D.    <u>Conspiracy</u> (Count 10)

Plaintiff's conspiracy count is a rambling recitation of the other claims with conclusory statements that all parties involved knew that Plaintiff's rights were being violated. To state a section 1983 conspiracy claim, plaintiff must establish the supporting, operative facts of the conspiracy. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)

(per curiam). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984). Thus, "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Id.*

Even construing Plaintiff's *pro se* Complaint liberally, *see Phillips*, 746 F.2d at 784, Plaintiff has failed to allege any facts which link one element of the alleged "conspiracy" with another or show that there was a conspiracy to violate his constitutional rights. (*See* Compl., Doc. 5 at 5-18, 23; Am. Compl., Doc. 7 at 2-3.) Conclusory statements such as those in the Plaintiff's Complaint are not sufficient. Plaintiff's conspiracy count fails to state a claim for a § 1983 violation.

### E. Inadequate Law Library (Count 11)

Plaintiff asserts as his eleventh count a claim that he has been provided an inadequate law library. Plaintiff, however, fails to name any defendants against which this claim is asserted. Consequently, this claim should be dismissed without prejudice.

### F. False Imprisonment (Count 12)

Plaintiff asserts that he has been improperly imprisoned from his second arrest in September 2009 at least until the date of his filing of his Complaint. In other words, Plaintiff is attacking his current imprisonment after his guilty plea and sentencing. Plaintiff brings this claim against Defendants Mark Shelnutt, William Kendrick, Linda Pierce, Judge Pullen, Judge Jordan, Mark Jones, Ben Richardson, Sheriff Darr, Warden Collins, and Sergeant

14

Drury. Defendants Shelnutt and Kendrick, as discussed *supra*, are not state actors and thus cannot be liable under § 1983 in this case. As to the remaining Defendants, this claim should be dismissed for failure to state a claim as this claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus, he fails to state a cause of action upon which this court may grant relief.

### G. <u>Ineffective Assistance of Counsel</u> (Count 13)

Plaintiff's next claim is that he was afforded ineffective assistance of counsel. This claim is not a proper claim under 42 U.S.C. § 1983. Instead, this claim should be asserted as a petition for habeas relief. Consequently, this claim should be dismissed for failure to state a claim.

H.   Inadequate Staffing of Medical Department (Count 14)

Plaintiff's finally asserts that Prison Healthcare Services, Inc., has established a policy, pattern, and practice of denying inmates treatment and proper care for their serious medical needs. This claim is repetitive of Count 5 and should be dismissed as such.

## CONCLUSION

In sum, the following claims against the following defendants remain:

(a)   Count 2:
　　　Chief Boren, in his individual capacity
　　　Sheriff Darr, in his official and individual capacity
　　　Judge Pullen, in his individual capacity
　　　Judge Jordan, in his individual capacity
　　　Mark Jones, in his individual capacity
　　　Ben Richardson, in his official and individual capacity
　　　M. Linda Pierce, in her official and individual capacity
　　　Sergeant Drury, in her individual capacity
(b)   Count 3:
　　　Sheriff Darr, in his official and individual capacity
(c)   Count 5:
　　　Prison Heathcare Services, Inc.
　　　Paul Morris
　　　Dr. Lloydstone Jacobs
　　　Dr. Basset
(d)   Count 6:
　　　Prison Heathcare Services, Inc.
　　　Paul Morris
　　　Dr. Lloydstone Jacobs
　　　Dr. Basset

The other claims and defendants should be dismissed for the reasons discussed herein.

WHEREFORE, IT IS HEREBY RECOMMENDED that the claims and defendants be DISMISSED as discussed above as frivolous and for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this

Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 29th day of July, 2010.

S/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE

agh