IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHARLIE LEONARD, | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:10-CV-60-CDL-MSH |
| | : 42 U.S.C. § 1983 |
| CITY OF COLUMBUS, *et al.,* | : |
| Defendants. | : |

## **REPORT AND RECOMMENDATION**

On June 20, 2010, Plaintiff, Charlie Leonard, filed the above styled Section 1983 action against multiple defendants. Upon a preliminary review, several defendants and claims were dismissed. (Order, Sept. 13, 2010, ECF No. 40.) Defendants Pullen, Jordan, Jones, and Richardson now move for dismissal of the claims against them claiming, *inter alia*, absolute judicial immunity, absolute prosecutorial immunity, and Eleventh Amendment immunity. (Mot. to Dismiss of the Judiciary Defs. & Prosecutor Richardson 1, ECF No. 53 [hereinafter "Defs.' Mot."].) For the reasons described below, Defendants' motion to dismiss should be granted.

## **FACTUAL BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 on June 20, 2010, against approximately forty-three defendants for multiple alleged constitutional violations. After preliminary review pursuant to 28 U.S.C. § 1915(e)(2), the following claims against the following defendants remain:

(a) Claim for a violation of due process:

> Chief Boren, in his individual capacity
> Sheriff Darr, in his official and individual capacity
> Judge Pullen, in his individual capacity
> Judge Jordan, in his individual capacity
> Mark Jones, in his individual capacity
> Ben Richardson, in his official and individual capacity
> M. Linda Pierce, in her official and individual capacity
> Sergeant Drury, in her individual capacity

(b) Claim for no access to a bail hearing:

> Sheriff Darr, in his official and individual capacity

(c) Deliberate indifference to a serious medical need:

> Prison Heathcare Services, Inc.
> Paul Morris
> Dr. Lloydstone Jacobs
> Dr. Basset

(d) Intentional Infliction of Emotional Distress:

> Prison Heathcare Services, Inc.
> Paul Morris
> Dr. Lloydstone Jacobs
> Dr. Basset

Defendants Judge Pullen, Judge Jordan, and Law Clerk Mark Jones assert that the claims against them in their individual capacities should be dismissed as barred by absolute judicial immunity. (Br. in Supp. of Defs.' Mot. 7-11, ECF No. 53-1.) Likewise, Defendant Ben Richardson, District Attorney Pro Tempore, contends that the claims against him in his individual capacity should be dismissed as barred by absolute prosecutorial immunity, and the claims against him in his official capacity are barred by Eleventh Amendment immunity.

2

(Br. in Supp. of Defs.' Mot. 11, 4-6.) Plaintiff has responded by citing three cases to the Court which do not speak to the immunity issues described above. (Resp. to Defs.' Mot. 1-3, ECF No. 60.)

## DISCUSSION

### I. Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### II. Official Capacity Claim against Defendant Richardson

Defendant Richardson argues that the claims against him in his official capacity

3

should be dismissed as barred under Eleventh Amendment immunity. Specifically, since Defendant Richardson was acting as District Attorney Pro Tempore in reference to Plaintiff Leonard's criminal case, he claims a suit against him is barred by the Eleventh Amendment. (*See* Br. in Supp. of Defs.' Mot. Exs. A, B.)[1]  Defendant Richardson is correct.

In Georgia, a "district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 (11th Cir. 1989). In other words, a district attorney is a state official. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "As such, it is no different from a suit against the State itself," *Id.*, which fails because of Eleventh Amendment immunity. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) ("Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens.").

Plaintiff Leonard has one remaining claim against Defendant Richardson in Defendant Richardson's official capacity while acting as a district attorney. (Compl. Count 2, ECF No. 5-4 at 3, 5.) This claim is barred by Eleventh Amendment immunity. Defendant Richardson is therefore entitled to dismissal of Count 2 as to the claim in Defendant Richardson's official capacity.

---

[1]  Although this is a motion to dismiss, the Court has properly considered Defendant's exhibits as they are central to Plaintiff's instant claim and their authenticity has not been challenged. *See Talley v. Columbus, Ga. Hous. Auth.*, No-10-10431, 2010 WL 4409379, at * 2 n.4 (11th Cir. Nov. 8, 2010) (citing *SFM Holdings, Ltd. v Banc of Am. Secs., LLC*, 600 F.3d 1334, 1377 (11th Cir. 2010)).

**III. Individual Capacity Claims**

    A.    Judge Jordan, Judge Pullen, and Law Clerk Mark Jones

Defendants Jordan, Pullen, and Jones maintain that Plaintiff's claims against them should be dismissed because they are entitled to absolute judicial immunity. (Br. in Supp. of Defs.' Mot. 7-11.) "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Judges are entitled to absolute judicial immunity . . . for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotation mark and citation omitted). "Whether an act by a judge is a judicial one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge . . . ." *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006). Furthermore, "absolute judicial immunity extends not only to judges, but to other persons whose official duties have an integral relationship with the judicial process." *Jallali v. Fla.*, No. 10-12386, 2010 WL 5019382, at * 1 (11th Cir. Dec. 10, 2010) (internal quotation marks and citation omitted). A law clerk is such a person whose official duties are so inherently judicial as to entitle them to absolute judicial immunity. *Id.* ("Because drafting an appellate court opinion is an inherently judicial activity, a law clerk enjoys absolute immunity in doing so."); *see also Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) ("[F]or purposes of absolute judicial immunity, judges and their law clerks are as one.") (internal quotation marks and citation omitted).

    Since judicial immunity is an immunity from suit, if Judge Pullen, Judge Jordan, and

Law Clerk Mark Jones are entitled to judicial immunity, the claims against them should be dismissed. Defendants Pullen, Jordan, and Jones are entitled to judicial immunity if the actions complained of were taken in Defendants' judicial capacities and not in the absence of all jurisdiction. Plaintiff's Complaint lacks specificity with regard to these Defendants.[2] Construing the Complaint liberally, however, it appears that Plaintiff asserts that he was not taken before a "judicial officer" in a timely manner. (Compl. Count 2, ECF No. 5-4 at 3.) At best, Plaintiff is contending that these Defendants failed to timely schedule a hearing. "[S]cheduling a hearing 'is obviously an integral judicial (or quasi-judicial) function[.]'" *Doyle v. Camelot Care Ctrs., Inc.*, 106 F. Supp. 2d 891, 907 (N.D. Ill. 2001) (quoting *Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989)). Plaintiff has failed to allege or contend that any actions taken by these Defendants were taken in the absence of all jurisdiction, and the Court fails to see how such an allegation would be supportable. Consequently, Defendants Pullen, Jordan, and Jones are entitled to absolute judicial immunity, and the claims against them should be dismissed.

### B. Defendant Richardson

Defendant Richardson likewise argues that he is entitled to absolute prosecutorial immunity for claims made against him in his individual capacity. (Br. in Supp. of Defs.' Mot. 11.) "[P]rosecutors are absolutely immune from liability in § 1983 lawsuits" brought

---

[2] At this stage in the proceeding, Plaintiff's lack of specific allegations against these Defendants would likely be fatal to his claims if these Defendants were not entitled to judicial immunity. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (finding dismissal appropriate where plaintiff's pleadings failed to link specific defendants with any alleged wrong).

6

for actions "that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, – U.S. – , 129 S. Ct. 855, 860 (2009) (internal quotation marks and citations omitted). Actions which entitle the prosecutor to absolute immunity are those such as "when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Id.* at 861.

In Count 2, Plaintiff appears to have sued Defendant Richardson for the failure to be timely brought before a judge. (Compl. Count 2, ECF No. 5-4 at 3.) To the extent that this action or inaction can be somehow attributed to Defendant Richardson, it would clearly be during Defendant Richardson's "prepar[ation] to initiate a judicial proceeding." *Van de Kamp*, 129 S. Ct. at 860. Defendant Richardson is therefore entitled to prosecutorial immunity, and this claim against him in his individual capacity should be dismissed.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that the Motion to Dismiss of the Judiciary Defendants & Prosecutor Richardson be GRANTED for the foregoing reasons. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 20th day of January, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE