# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

CHARLIE LEONARD,           :
                               :
          Plaintiff,        :
                               :
v.                          :      CASE NO. 4:10-CV-60-CDL-MSH
                               :         42 U.S.C. § 1983
RICKY BOREN, *et al.,*     :
                               :
          Defendants.     :
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Bassey, Jacobs, and Prison Healthcare Services' Motion for Summary Judgment (ECF No. 66). Although notified of the filing of such motion and accompanying statement of material facts and the consequences of a failure to respond, Plaintiff failed to respond. (*See* Order 2, Feb. 2, 2011, ECF No. 67.) Consequently, as explained to Plaintiff in the February 2 Order, and pursuant to Local Rule 56, all the material facts in Defendants' statement of material facts are deemed admitted. For the reasons stated below, Defendants' motion should be granted.

## BACKGROUND

After a preliminary review of this case, there remain claims pending against Prison Healthcare Services, Inc., Paul Morris, Dr. Lloydstone Jacobs, and Dr. Edet Bassey[1] for deliberate indifference and intentional infliction of emotional distress. Additionally,

---

[1] Plaintiff incorrectly identified Dr. Bassey as "Dr. Basset." The Court corrects this misnomer for purposes of this recommendation.

Plaintiff later amended his Complaint to add a claim against Prison Healthcare Services for inadequate staffing. Plaintiff specifically claims that Defendants were deliberately indifferent in that they failed to properly diagnose and treat his recurring ear infections which resulted in severe pain. Additionally, Plaintiff claims that the Defendants were hostile to him when he requested medical care and that this conduct constitutes intentional infliction of emotional distress. Defendants claim that their motion for summary judgment should be granted because they provided Plaintiff with adequate medical care which did not violate his constitutional rights.

## DISCUSSION

### I.      Standard for Motion for Summary Judgment

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *See Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (explaining that the movant "shoulder[s] the initial burden of production in demonstrating the absence of any genuine issue of material fact"). If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *See Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) ("In other words, once a moving party has carried its burden under Rule 56(c), the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.") (internal quotation marks and citation omitted). In order to assist in meeting the parties' respective burdens, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

## II.       Plaintiff's Deliberate Indifference Claims

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs. The Court assumes for purposes of this recommendation that because Plaintiff was a pretrial detainee at the time the alleged wrongful conduct occurred, Plaintiff asserts that Defendants violated his Fourteenth Amendment right to due process. Such a claim is held to the same standard as a claim for deliberate difference under the Eighth Amendment. *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007). In order to state such a claim, a Plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). In other words, the prisoner must allege that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir.2000) (internal quotation marks, alterations and citations omitted). "Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference." *Woody v. Cronic*, 401 F. App'x 509, 512 (11th Cir. 2010) (citations omitted). "Further, the question of whether an inmate should have received different diagnostic tests or treatments is not an appropriate basis for Fourteenth Amendment liability." *Id.* (citation omitted).

Here, Defendants have established a thorough history of treatment of Plaintiff's ear infections. Defendants repeatedly tested Plaintiff for different fungal and bacterial infections, provided him with different medications and pain killers, recommended several treatments, and even sent Plaintiff to an external ear, nose, and throat specialist on multiple occasions. (Statement of Material Facts [hereinafter "SMF"] ¶¶ 10-61, ECF No. 66-1.) This treatment would cure Plaintiff's infections, but then his ears would become infected again. (SMF ¶ 1-6.) Defendants believe that this was caused by Plaintiff's excessive ear cleaning, and told Plaintiff to stop removing earwax from his ears. (SMF ¶¶ 1-7.) In other words, Defendants neither disregarded the risk of harm to Plaintiff by his ear infections, nor provided treatment that was negligent. Plaintiff's complaints that he received inadequate and delayed treatment are therefore not supported by the evidence in the record. Plaintiff's statements that he should have received different treatment or different medications are not a proper basis for liability under 42 U.S.C. § 1983. *See Woody*, 401 F. App'x at 512. Consequently, Defendants' motion for summary judgment should be granted.

## III.    Plaintiff's Claim against Prison Healthcare Services

Plaintiff also claims that Prison Healthcare Services should be liable for failure to properly train or staff medical personnel at the Muscogee County Detention Center. Such a claim can give rise to liability but only where the Plaintiff establishes that the failure to train or understaffing amounts to deliberate indifference to the Plaintiff. *See Trammell v. Paxton*, 322 F. App'x 907, 911 (11th Cir. 2009). As discussed above, Defendants were

not deliberately indifferent to Plaintiff's medical needs. Furthermore, Prison Healthcare Services has presented evidence which shows that it is not responsible for "nursing staff, their hours, or the administration of the medical unit," and that Dr. Jacobs or another physician are typically present at Muscogee County Detention center during the weekends. (SMF ¶¶ 66, 68.) This claim must consequently fail, and Defendants' motion for summary judgment on this claim should be granted.

## IV.     Intentional Infliction of Emotional Distress

Finally, Plaintiff claims that Defendants intentionally caused him emotional distress when they became "hostile" towards him and did not allow him to see an external ENT when he requested. (Compl., ECF No. 5-4 at 6.) In order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must prove that the defendants "engaged in intentional or reckless conduct of an extreme and outrageous nature that caused [the plaintiff] severe emotional distress." *Turnage v. Kasper*, 307 Ga. App. 172, 182, 704 S.E. 2d 842, 852 (2010). The conduct "must be of such serious import as to naturally give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress." *Id.* (internal quotation marks and citation omitted). This type of conduct has been described as the type which would cause an average member of the community to exclaim "Outrageous!". *Id.*

There is no evidence of any such conduct here. Plaintiff's displeasure at the provided treatment is not the type of conduct required for a claim for intentional infliction of emotional distress. Additionally, Plaintiff's general assertion that Defendants were

"hostile" to him, without more, fails to prove a claim for intentional infliction of emotional distress. *See, e.g., Benedict v. State Farm Bank, FSB*, -- S.E. 2d --, 2011 WL 982769 at *4 (Ga. App. 2011) (explaining that allegations that plaintiff was "repeatedly harassed" failed to give rise to a claim for intentional infliction of emotional distress). Consequently, Defendants' motion for summary should be granted for this claim as well.

## CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment should be granted. WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 25th day of April, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE