IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHARLIE LEONARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:10-CV-60-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| RICKY BOREN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## REPORT AND RECOMMENDATION

The remaining Defendants filed a motion to dismiss (ECF No. 82) Plaintiff's Complaint on October 10, 2011, pursuant to Federal Rules of Civil Procedure Rule 37(b)(2)(A)(v) and Rule 41(b) as a sanction for failing to comply with this Court's Order granting Defendants' motion to compel. (Order, Sept. 27, 2011, ECF No. 81.) In that Order, the Court found that Defendants had served written discovery on Plaintiff multiple times and that Plaintiff had failed to respond to those requests. (*Id.* at 1.) Plaintiff was warned in the Order granting Defendants' motion to compel that his Complaint could be dismissed as a sanction for his failure to comply pursuant to Federal Rules of Civil Procedure Rule 37(b)(2)(A)(v). (*Id.*)

When Plaintiff failed to comply with the Court's Order, Defendants filed the presently pending motion to dismiss. The Court subsequently Ordered Plaintiff to respond and to show cause why Defendants' motion to dismiss should not be granted. (Notification of Mot. to Dismiss & Order to Resp. 1, ECF No. 83.) Plaintiff failed to

respond to the October 11 show cause Order.  Consequently, the Court recommends that Defendants' motion to dismiss be granted.

Specifically, the Court finds that Defendants have been unable to continue in defense of this case because of Plaintiff's repeated failure to comply with the Court's Orders and failure to respond to requests for discovery.  Plaintiff's purposeful refusal to respond to the Court's Orders or Defendants' requests has delayed this proceeding and requires dismissal of Plaintiff Complaint as it is clear to the Court that Plaintiff has no intent of further pursuing his action.  Although dismissal is an "extreme sanction," especially when the dismissal is with prejudice, it is appropriate where, as here, a "lesser sanction[] would not suffice."  *Pippen v. Georgia-Pacific Gypsum, LLC*, 408 F. App'x 299, 303 (11th Cir. 2011).  Plaintiff's Complaint as to the remaining Defendants should be dismissed pursuant to Federal Rules of Civil Procedure Rule 37(b)(2)(A)(v) and Rule 41(b), and Defendants' motion should be granted.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be GRANTED.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO RECOMMENDED, this 30th day of November, 2011.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE